1  SEYFARTH SHAW LLP
   Daniel Whang (SBN 223451)
2  dwhang@seyfarth.com
   2029 Century Park East, Suite 3500
3  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
4  Facsimile:  (310) 201-5219

5  SEYFARTH SHAW LLP
   Gina Gi (SBN 266708)
6  ggi@seyfarth.com
   601 South Figueroa Street, Suite 3300
7  Los Angeles, California 90017-5793
   Telephone:  (213) 270-9600
8  Facsimile:(213) 270-9601

9  Attorneys for Defendant
   FLOOR AND DECOR OUTLETS OF
10 AMERICA, INC.

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14 RIKKI SALDIVAR and FRANCISCO          Case No. 2:26-cv-00714-ODW-MARx
   ALEMAN, individually, and on behalf of
15 all others similarly situated,           **DECLARATION OF MANDI
                                            DONOVAN IN SUPPORT OF
16              Plaintiffs,                  DEFENDANT'S MOTION TO
                                            COMPEL ARBITRATION AND TO
17       v.                                  DISMISS PLAINTIFF'S CLASS
                                            ACTION CLAIMS**
18 FLOOR AND DECOR OUTLETS OF
   AMERICA, INC.; and DOES 1 through 10,   *[Filed Concurrently with Notice of
19 inclusive,                              Motion; Memorandum of Points and
                                           Authorities; Declaration of Cindy
20              Defendants.                 Quinones; Declaration of Justin
                                           Mescall; Declaration of Gina Gi; and
21                                          [Proposed] Order]*

22

23

24

25

26

27

28

                    DECLARATION OF MANDI DONOVAN
   323074290v.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF MANDI DONOVAN

I, Mandi Donovan, declare as follows:

1.      I am the Director of HRIS and HR Operations for Floor and Decor Outlets of America, Inc. ("F&D" or the "Company").

2.      I make this declaration in support of Defendant's Motion to Compel Arbitration and for Dismissal of Plaintiff's Class Action Claims. The facts set forth in this declaration are of my personal knowledge. If called as a witness, I could and would competently testify to them under oath.

3.      F&D is a specialty retailer that has stores in over 36 states across the country and sells flooring products to customers nationwide.

4.      In my role, I am familiar with and have access to F&D's human resources information system, known as Workday, as well as individual employees' Workday accounts. In my position, I also have access to personnel records of current and former F&D employees, which are created and maintained in the ordinary course of business, including those records pertaining to former employees Plaintiffs Rikki Saldivar ("Saldivar") and Francisco Aleman ("Aleman") (collectively, "Plaintiffs").

5.      Based on my review of Plaintiffs' personnel records, Saldivar was hired on or about August 15, 2020. During the time period relevant to this case, beginning on November 13, 2021 and onwards, Saldivar worked as a Pro Services Department Assistant Department Manager until about January 6, 2022, a Command Center Associate from about January 7, 2022 until about January 20, 2022, an Inventory Control Specialist from about January 21, 2022 until about July 14, 2022, a Deco Department Manager from about July 15, 2022 until about July 6, 2023, a Tile Department Manager from about July 7, 2023 until about March 21, 2024, and finally a Command Center Associate again from about March 22, 2024 until her resignation and separation of employment on or about December 19, 2024. At all times, Saldivar was an hourly paid, non-exempt employee working out of F&D's retail store in La Quinta, California.

---

DECLARATION OF MANDI DONOVAN

6. Based on my review of Plaintiffs' personnel records, Aleman was hired on or about May 16, 2024. Aleman worked as a Warehouse Associate from about May 16, 2024 until about May 23, 2024, and then as a Receiving Associate from about May 24, 2024 until her separation from F&D on or about November 15, 2024. Aleman worked only at F&D's retail store in Fresno, California. At all times, Aleman was an hourly paid, non-exempt employee.

7. F&D began using Workday in or around late December 2017. Among other functions, Workday provides employees with a human resources portal, which they use to complete human resources-related tasks, including acknowledging and signing documents.

8. Near their respective times of hire, a unique Workday account was created for each Plaintiff. Logging into Workday was the only way that F&D employees could access their Workday account. Plaintiffs and all other F&D employees created a password that is unique to them and meets minimum password requirements to access their Workday account. Employees were instructed not to share their passwords with anyone.

9. With access to their Workday account, employees like Plaintiffs could complete tasks in Workday, such as benefits enrollment, policy acknowledgments, and signing employment-related documents.

10. As summarized below, at various times proximate to their respective employments, a standalone Arbitration Agreement was sent to each Plaintiff's individual Workday inbox to review and sign. This document was only sent to employees' individual Workday accounts. F&D employees, like Plaintiffs, needed to be logged into Workday using their unique username and password in order to view, acknowledge, and electronically sign the Arbitration Agreement.

11. Once an employee finished reviewing the Arbitration Agreement in Workday, the employee could electronically sign the Agreement. Simply clicking through the pages of the agreement would not result in an electronic signature. Instead, an employee needed to affirmatively click a button labeled "apply e-signature."

12. F&D employees, including Plaintiffs, used Adobe Sign to electronically sign

2
DECLARATION OF MANDI DONOVAN

323074290v.3

the Arbitration Agreement in Workday.  Once an employee electronically signed the Agreement, Adobe Sign generated a certificate that the employee electronically signed the document.

13.    According to records maintained by F&D in the usual course of business, Plaintiffs received a copy of the Arbitration Agreement in their individual Workday inbox, opened it, and accepted its terms and conditions by affixing their individual electronic signature using Adobe Sign on the dates and times noted below.

14.    A true and correct copy of the below-listed Arbitration Agreements electronically signed by Plaintiffs and maintained by F&D in the usual course of business are attached here as **Exhibit A** (for Saldivar) and **Exhibit B** (for Aleman).

15.    A true and correct copy of the below-listed Adobe Sign certifications for Plaintiffs' electronically signed Arbitration Agreements and maintained by F&D in the usual course of business are attached here as **Exhibit C** (for Saldivar) and **Exhibit D** (for Aleman).

16.    In the usual course of business, F&D also maintains electronically, through Workday, a record of Workday inbox tasks that employees complete during their employment.  A Workday inbox task completion record documents and confirms that an F&D employee electronically signs the Arbitration Agreement.  After an F&D employee electronically signs the Arbitration Agreement or other document in Workday using Adobe Sign, the employee must press "Submit" in Workday for the Workday inbox task to be marked complete.  Even after an Arbitration Agreement or other document is electronically signed using Adobe Sign, the Workday inbox task remains incomplete until the employee clicks "Submit" in the Workday inbox task. Employees can electronically sign a document at one time and then press "Submit" in Workday at a later time to complete the Workday inbox task. A true and correct copy of the Workday inbox task completion records for Plaintiffs with respect to the Arbitration Agreements, which show when Plaintiffs pressed "Submit" to complete the Workday inbox task for their signed Arbitration Agreements is attached here as **Exhibit E** (for Saldivar) and **Exhibit F** (for

3

DECLARATION OF MANDI DONOVAN

1  Aleman).

2      17.    This chart summarizes the Adobe e-signature and Workday submission times

3  of Arbitration Agreements signed by Plaintiffs during their employment at F&D.  The

4  Adobe Sign records are maintained in EST (UTC -500).  The Workday submission records

5  are maintained in EDT (UTC -400):

| Plaintiff / Signer (Exhibits A-B) | Date and Time of Plaintiff's Adobe Sign Signature (Exhibits C-D) | Date and Time of Plaintiff's Submission of Signed Arbitration Agreement into Workday  (Exhibits E-F) |
|---|---|---|
| Saldivar (Exhibit A-1) | 8/15/20, 3:05 pm EST (UTC -500) (1:05 pm PDT) (Exhibit C) | 8/15/20 4:05 pm EDT (UTC -400) (1:05 pm PDT) (Exhibit E) |
| Saldivar (Exhibit A-2) | 9/22/22, 6:17 pm EST (UTC -500) (4:17 pm PDT) (Exhibit C) | 9/22/22 7:17 pm EDT (UTC -400) (4:17 pm PDT) (Exhibit E) |
| Saldivar (Exhibit A-3) | 6/1/24, 3:48 pm EST (UTC -500) (1:48 pm PDT) (Exhibit C) | 6/1/24 4:48 pm EDT (UTC -400) (1:48 pm PDT) (Exhibit E) |
| Aleman (Exhibit B) | 5/20/24, 10:05 am EST (UTC -500) (8:05 am PDT) (Exhibit D-1) | 5/20/24 11:05 am EDT (UTC -400) (8:05 am PDT) (Exhibit F) |
| Aleman (Exhibit B-2) | 7/8/24, 10:26 am EST (UTC -500) (8:25 am PDT) (Exhibit D) | 7/8/24 11:26 am EDT (UTC -400) (8:26 am PDT) (Exhibit F) |

4

DECLARATION OF MANDI DONOVAN

1    I declare under penalty of perjury that the foregoing is true and correct.

2    Executed on January 29, 2026 at Atlanta, Georgia.

3

4                                        _____
                                                Mandi Donovan
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MANDI DONOVAN

323074290v.3

# EXHIBIT A-1



# Arbitration Agreement
# California Only

Effective May 2018

# FLOOR&DECOR

## Agreement for Arbitration of Disputes for California Only

While Floor and Decor Outlets of America, Inc. (the "Company") hopes that employment disputes or other disputes between employees and the Company will not occur, it believes that when such disputes do arise, it is in the mutual interest of those involved to handle them through binding arbitration. The Employee ("You") and the Company and all of its wholly or partly-owned subsidiaries (collectively the "Companies") (together, the "Parties") agree as follows:

**1.    Consideration**.  The Parties agree and understand that the mutual promises by Companies and by You to arbitrate their respective differences, rather than litigate them before courts or other bodies, as well as Your initial/continued employment with one or more of the Companies, provide adequate consideration for this Agreement.

**2.    Disputes Subject to Arbitration.**

A.    The Parties agree to arbitrate any dispute, cause of action, claim, or controversy ("Claim(s)") arising out of Your employment or the termination of Your employment, with the Companies. You agree to arbitrate all Claims against the Companies, as well as against any and all of their parents, subsidiaries, and affiliates, and each of the foregoing entities' employees, owners, officers, directors, agents, customers, accountants and vendors/contractors. The scope of this arbitration clause is intended to be as expansive as possible.

B.    Claims include, but are not limited to any Claim of wrongful discharge (including claims of constructive discharge), breach of contract, statutory violation, tortious conduct (whether intentional, negligent, or otherwise), Claims in which punitive damages or consequential damages could be awarded, or any other Claim that arose out of, or is in any way related to, the employment relationship. This agreement includes all Claims which could have been brought before any government agency or in a court proceeding including, but not limited to, Claims under Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the Age Discrimination in Employment Act, the California Labor Code, the California Wage Orders, the California Business and Professions Code section 17200 et seq., the Fair Labor Standards Act, or Claims under any other federal, state or local law (excluding claims for worker's compensation benefits to remedy work-related injury or illness).

C.    Nothing in this Agreement shall be construed as precluding You from filing a: (1) claim for workers' compensation or unemployment compensation benefits; and (2) claim with the Equal Employment Opportunity Commission, California Department of Fair Employment and Housing or similar fair employment practices agency, or an administrative charge within the jurisdiction of the National Labor Relations Board; however, You may not recover monetary amounts from any such governmental agency-related claim (e.g., NLRB or EEOC) and may instead pursue a claim for monetary amounts through arbitration, and any such administrative claim that cannot be resolved administratively through such an agency shall be subject to this Agreement. Further, any claim that is non-arbitrable under applicable state or federal law is not arbitrable under this Agreement. Finally, this Agreement specifically excludes any and all claims currently pending in state or federal court or before any state or federal administrative body at the

time You sign this Agreement. Claims under the California Private Attorneys General Act ("PAGA"), and any claim that is non-arbitrable under applicable state or federal law, are not arbitrable.

D.      Arbitrable disputes by the Company are those claims against You that are made within the applicable statute of limitations and that arise out of, or are related to, the employment relationship.

E.      Statutes of limitations, scope of remedies, and substantive law (including any requirement for prior exhaustion of administrative agency relief) shall be the same as would be applicable were any action to be brought in court and shall not be limited by the fact that any dispute is subject to arbitration.

**3.     Arbitration is the Exclusive Remedy.**

Arbitration pursuant to this Agreement shall be the exclusive remedy for resolving any arbitrable disputes. The Parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under this Agreement. Otherwise, the rights of the Parties under this Agreement shall be the same as those available to them in a court of competent jurisdiction. The decision of the arbitrator shall be final and binding on all Parties.

This Agreement shall be governed by the Federal Arbitration Act and/or the Arbitration Act of the State of California, whichever is more permissive of arbitration in the context of any given dispute. This Agreement may be enforced and administered by a court of competent jurisdiction through the filing of a petition to compel arbitration or decide arbitrability; confirm, vacate or modify an arbitration award; or otherwise pursuant to the Federal Arbitration Act, the arbitration laws of the State of California, or a combination of the two. The Parties agree that a court, and not the arbitrator, shall decide all issues of arbitrability.

**4.     Class Action Waiver.**

Notwithstanding any other provision of this Agreement, any arbitration under this Agreement must and will take place on an individual basis only (as opposed to on a class or representative basis).  Class arbitrations and class actions are not agreed to or permitted under this Agreement.  Unless prohibited by applicable law, You and the Company agree that, by entering into this Agreement, You and the Company each are waiving the right to initiate or participate in a class, collective or representative action for all employment-related disputes.  As such, neither party may initiate a proposed class, collective or representative action against the other or participate in a class, collective or representative action (e.g., as a class member or an aggrieved employee).  It is the intent of the parties that a court of competent jurisdiction (not an arbitrator) determine the enforceability of this paragraph concerning class, collective and representative actions to the extent there is a challenge as to its enforceability.  In the event that a portion of this provision, such as, for example, the prohibition on the right to participate in a representative action, is deemed invalid, the remainder of the provision and Agreement will remain enforceable, and then any claim brought on such a basis must be filed in a court of competent jurisdiction, and such court, and not an arbitrator, shall be the exclusive forum for such claims. The Company and You understand and agree that any ruling by an arbitrator combining the covered claims of two or more employees or allowing class, collective or representative arbitration would be contrary to the intent of this Agreement and would be subject to

2

immediate judicial review.

**FOR THE SAKE OF CLARITY, THROUGH THIS AGREEMENT, YOU ARE GIVING UP YOUR RIGHT TO A JURY TRIAL AND YOUR RIGHT TO COMMENCE OR PARTICIPATE IN A CLASS ACTION OR OTHER FORM OF REPRESENTATIVE ACTION, EXCEPT TO THE EXTENT PROHIBITED BY LAW; YOU INSTEAD AGREE TO ARBITRATE ANY COVERED DISPUTE ON AN INDIVIDUAL BASIS ONLY.**

With respect to any claim required to be submitted to arbitration under this Agreement, if either You or the Company institute any legal action or administrative proceeding against the other by any method other than by arbitration and then upon notice refuse to proceed in arbitration, then the responding party (i.e., the party who did not initiate the action or proceeding) shall be entitled to recover from the initiating party all costs, expenses, and attorneys' fees incurred as a result of such action, including all costs, expenses, and attorneys' fees incurred in connection with a motion or petition to compel arbitration.  If as a result of such a motion or petition, a court compels arbitration pursuant to this Agreement, then the party seeking that order shall be entitled to its attorney's fees and costs incurred in pursuing that order or petition, and it is agreed that the court issuing the order or petition shall have jurisdiction to award such fees and costs immediately following the issuance of that order or petition and before the commencement or completion of the arbitration, and without regard to whether the party that successfully compels arbitration ultimately prevails on the claims to be arbitrated.

5.    **Procedure for Arbitration.**

    A.    <u>Initiation of Arbitration.</u>

Arbitration is initiated by giving written notice of the intention to arbitrate to the other party. The notice must be given within the applicable statute of limitations. A failure to file the notice within the applicable statute of limitations shall constitute a waiver of the dispute in any forum.

The notice of intent to arbitrate must contain a description of the dispute, the facts on which it is based, and the remedy/relief sought. A notice of intent to arbitrate from You shall be submitted to the General Counsel by hand-delivery or by registered or certified mail to Floor & Decor Outlets of America, Inc., c/o General Counsel, 2500 Windy Ridge Pkwy SE, Atlanta, GA 30339 and shall be deemed filed on the date received by the Companies. A notice of intent to arbitrate from the Companies shall be hand-delivered or sent by registered or certified mail to You at the last known address listed in the Companies' records and shall be deemed filed on the date received by You.

    B.    <u>Rules of Arbitration</u>

Binding arbitration under this Agreement shall be conducted before a single arbitrator with the Judicial Arbitration and Mediation Services, Inc. ("JAMS") in accordance with the employment arbitration rules for JAMS, except to the extent such rules contradict the other provisions of this Agreement.  (If you wish to have copies of the rules for employment arbitrations provided by JAMS, please inform the Company in writing, and the Company will provide them to you before you execute this Agreement, and you may also obtain such rule

directly from JAMS at **www.jamsadr.com**.)

To the extent required by applicable law, and only to this extent, the Companies shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each side shall pay that side's own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party's attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

Each party shall pay its own costs and attorneys' fees; however, the arbitrator shall have the authority to award costs and attorneys' fees to the prevailing party to the extent permitted by law.

C.    Scope of Arbitrator's Authority

The arbitrator shall have the authority to rule on all motions whether made prior to or at the hearing, including motions for summary judgment or summary adjudication and motions to dismiss (with respect to any such motions, the party filing the motion may file a reply brief at their option or as required by the Arbitrator or the applicable rules). The arbitrator shall not have the authority to amend, modify or delete any provision of this Agreement or the Companies' policies, unless violative of applicable law.

The arbitrator shall have the authority to award only such remedies as could be awarded by a court under the applicable substantive law which may include injunctive or other equitable relief. Prior to the hearing, the arbitrator shall encourage the parties to explore settlement.

All arbitration proceedings are confidential, unless applicable law provides otherwise. The arbitrator shall maintain the confidentiality of the arbitration to the extent the law permits and shall have the authority to make appropriate rulings to safeguard that confidentiality.

D.    Conducting Discovery

Arbitration is intended to provide a less time-consuming, less expensive, and less complicated means of settling employment-related disputes. Discovery may be initiated by the parties after the selection of the arbitrator and may be initiated without first obtaining permission from the arbitrator. In the event of a dispute regarding discovery either party may ask the arbitrator to determine what discovery is appropriate under the circumstances or adequate for the prosecution or defense of the claims in accordance with current JAMS arbitration discovery rules. However, under no circumstances will discovery be permitted that is broader than that which is allowed by the applicable procedural rules of the State of California. The arbitrator may issue subpoenas to compel the testimony of third-party witnesses or the production of documents.

E.    The Hearing

Unless the arbitrator orders otherwise, the hearing shall be held in the city closest to the primary location where the Employee performs(ed) work for the Companies. The arbitrator may order the parties to submit pre- and/or post-hearing briefs. All testimony taken at the hearing before the arbitrator shall be under oath and, unless otherwise agreed to by the parties, the rules of evidence of the state in which the Company

that employed the Employee is located shall apply. A party shall have the right to have a written transcript of the proceedings at that party's own expense.

F.    Arbitrator's Decision

The arbitrator shall issue a written decision within 30 days, or as soon thereafter as practicable, of the later of the conclusion of the hearing or, where applicable, the receipt of briefs. The decision shall be in writing with factual findings, reasons given, and evidence cited to support the award. The decision of the arbitrator may be entered as a judgment in a court of competent jurisdiction.

**6.    Severability and Enforceability of Agreement.**

In the event that any paragraph or provision within a paragraph of this Agreement is determined to be illegal or unenforceable, specifically including but not limited to the provisions of section 4, above, the provisions of such determination shall not affect the validity or enforceability of the remaining paragraphs or provisions within a paragraph, all of which shall remain in full force and effect. If necessary, to effectuate the intent of the parties to resolve the specified disputes through arbitration, a court of competent jurisdiction should reform this Agreement.

Notwithstanding the waiver of the Employee and the Companies to bring or participate in a class, collective or other representative proceeding, employees may have a statutory right (e.g., under the National Labor Relations Act) to act concertedly on behalf of themselves and others to challenge this Arbitration Policy in any forum. If Employee acts concertedly to pursue any such proceeding, the Companies will not retaliate against Employee for doing so. The Companies are entitled, however, to enforce this Agreement, including Employee's agreement to arbitrate all claims and to forego pursuing any covered dispute on a class, collective or representative basis; and the Companies are entitled to seek dismissal of any such class, collective or representative action and otherwise assert this Agreement as a defense in any proceeding. However, under no circumstances shall a dispute be arbitrated on a class, multi-party, representative, or collective basis.

**7.    Governing Law.**

This Agreement, as well as all terms and conditions of Employee's employment, shall be governed by and shall be interpreted in accordance with the laws of the State of California.

**8.    Modifications.**

The terms of this Agreement shall not be orally modified; this Agreement shall be modified only by a written document signed by an Owner of the Companies and Employee. The arbitrator shall have no authority to add to, delete from or modify in any way the provisions of this agreement. A court or other entity construing this Agreement may administer, modify, or interpret it to the extent and in such manner as to render it enforceable.

5

**You and the Company agree that this Agreement does not change the at-will nature of your employment and that the Company or You may terminate your employment at any time, with or without cause or notice.**

8.    **Acknowledgment of the Arbitration Agreement.**

**BY SIGNING BELOW OR ELECTRONICALLY, I, THE EMPLOYEE, KNOWINGLY AND FREELY AGREE TO THIS MUTUAL AGREEMENT TO ARBITRATE ANY CLAIMS BETWEEN ME AND THE COMPANIES THAT OTHERWISE COULD HAVE BEEN BROUGHT IN COURT AND/OR BEFORE A JURY. I AFFIRM THAT I HAVE HAD SUFFICIENT TIME TO READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT AND THAT I HAVE BEEN ADVISED OF MY RIGHT TO SEEK LEGAL COUNSEL REGARDING THE MEANING AND EFFECT OF THIS AGREEMENT PRIOR TO SIGNING AND THAT I HAVE DONE SO OR HAVE HAD THE OPPORTUNITY TO DO SO AND HAVE DECLINED TO DO SO, HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO. I ACKNOWLEDGE THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANIES OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.**

**THIS AGREEMENT IS NOT, AND SHALL NOT BE CONSTRUED TO CREATE, ANY CONTRACT OF EMPLOYMENT, EXPRESS OR IMPLIED. THIS AGREEMENT SHALL NOT BE DEEMED TO ALTER OR MODIFY THE COMPANIES' POLICIES OF AT-WILL EMPLOYMENT. EMPLOYMENT AT THE COMPANIES IS AT-WILL AND CAN BE TERMINATED BY EITHER MYSELF OR THE COMPANY AT ANY TIME, WITH OR WITHOUT CAUSE OR NOTICE.**

**Ed Schloesslin**
**Senior Vice President - Chief Human Resources Officer**
**Floor & Decor Outlets of America, Inc.**

Rikki Saldivar

**Employee Name (Print)**

*Rikki Saldivar*
Rikki Saldivar (Aug 15, 2020 15:05 CDT)

**Employee Signature**

Aug 15, 2020

**Date**

# EXHIBIT A-2



# Arbitration Agreement
# California Only

### Effective September 2022



2500 Windy Ridge Pkwy SE
Atlanta, GA 30339



## Agreement for Arbitration of Disputes for California Only

While Floor and Decor Outlets of America, Inc. (the "Company") hopes that employment disputes or other disputes between employees and the Company will not occur, it believes that when such disputes do arise, it is in the mutual interest of those involved to handle them through binding arbitration. The Employee ("You" or "Employee") and the Company and all of its wholly or partly-owned subsidiaries (collectively the "Companies")(together, the "Parties") agree as follows:

**1.      Consideration**. The Parties agree and understand that the mutual promises by Companies and by You to arbitrate their respective differences, rather than litigate them before courts or other bodies, as well as Your initial/continued employment with one or more of the Companies, provide adequate consideration for this Agreement.

**2.      Disputes Subject to Arbitration.**

A.      The Parties agree to arbitrate any employment-related dispute, cause of action, claim, or controversy, including but not limited to any dispute, cause of action, claim, or controversy that arose out of or is in any way related to the employment relationship or the termination thereof, unless specifically excluded below, between You and any one or more of the Companies, including any and all of their parents, subsidiaries, and affiliates, and each of the foregoing entities' employees, owners, officers, directors, agents, customers, accountants and vendors/contractors ("Claim(s)"). The scope of arbitration of Claims in this Agreement is intended to be as expansive as permitted by applicable law. This Agreement is intended to be both retrospective and prospective and is intended to include past, present, and future Claims, including Claims that may have originated or accrued prior to the signing of this Agreement.

B.      Claims subject to arbitration include, but are not limited to, any Claim of wrongful discharge (including claims of constructive discharge), breach of contract, statutory violation, tortious conduct (whether intentional, negligent, or otherwise), Claims in which punitive damages or consequential damages could be awarded, or any other Claim that arose out of, or is in any way related to, the employment relationship. This agreement to arbitrate includes all Claims which could have been brought before any government agency or in a court proceeding including, but not limited to, Claims under Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the Age Discrimination in Employment Act, the California Labor Code, the California Wage Orders, the California Business and Professions Code section 17200 et seq., the Fair Labor Standards Act, individual claims under the California Private Attorney General Act ("PAGA"), and Claims under any other federal, state or local law.  This agreement to arbitration excludes claims for sexual harassment, sexual assault, worker's compensation benefits to remedy work-related injury or illness, or any claim that is non-arbitrable under applicable state or federal law.

C.      Nothing in this Agreement shall be construed as precluding You from filing a: (1) claim for workers' compensation or unemployment compensation benefits; and (2) claim with the Equal Employment Opportunity Commission, California Department of Fair Employment and Housing or similar fair employment practices agency, or an administrative charge within the jurisdiction of the National Labor Relations Board; however, You may not recover monetary amounts from any such governmental agency-related claim (e.g., NLRB or EEOC) and may instead pursue a claim for monetary amounts through arbitration, and any such administrative claim that cannot be resolved administratively through such an agency shall be subject to this Agreement.

D.      Statutes of limitations, scope of remedies, and substantive law (including any requirement for prior exhaustion of administrative agency relief) shall be the same as would be applicable were any action to be brought in court and shall not be limited by the fact that any dispute is subject to arbitration.

3.      **Arbitration is the Exclusive Remedy.**

Arbitration pursuant to this Agreement shall be the exclusive remedy for resolving any arbitrable disputes. The Parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under this Agreement. Otherwise, the rights of the Parties under this Agreement shall be the same as those available to them in a court of competent jurisdiction. The decision of the arbitrator shall be final and binding on all Parties.

The Company is engaged in interstate commerce; thus, the interpretation and enforcement of this Agreement shall be governed by the Federal Arbitration Act. This Agreement may be enforced and administered by a court of competent jurisdiction through the filing of a petition to compel arbitration or decide arbitrability; confirm, vacate or modify an arbitration award. The Parties agree that a court, and not the arbitrator, shall decide all issues of arbitrability.

4.      **Class, Collective, and Representative Action Waiver.**

Notwithstanding any other provision of this Agreement, any arbitration under this Agreement must and will take place on an individual basis only (as opposed to on a class, collective or non-individual representative basis). Class, collective and non-individual representative arbitrations are not agreed to or permitted under this Agreement. Unless prohibited by applicable law, You and the Company agree that, by entering into this Agreement, You and the Company each are waiving the right to initiate or participate in a class, collective or non-individual representative action for all employment-related disputes and/or Claims. As such, neither party may initiate a proposed class, collective or non-individual representative action against the other or participate in a class, collective or non-individual representative action. It is the intent of the parties that a court of competent jurisdiction (not an arbitrator) determine the enforceability of this paragraph concerning class, collective and non-individual representative actions to the extent there is a challenge as to its enforceability. In the event that all or part of this provision is deemed unenforceable such that any class, collective, or non-individual representative claim is not waived hereunder, then any such non-waived class, collective, or non-individual representative claim must be filed in a court of competent jurisdiction, and such court, and not an arbitrator,shall be the exclusive forum for such claims, and the portion of the provision that is enforceable will be enforced. The Company and You understand and agree that any ruling by an arbitrator combining the covered claims of two or more employees or allowing class, collective or non-individual representative arbitration would be contrary to the intent of this Agreement and would be subject to immediate judicial review.

**FOR THE SAKE OF CLARITY, THROUGH THIS AGREEMENT, YOU ARE GIVING UP YOUR RIGHT TO A JURY TRIAL AND YOUR RIGHT TO COMMENCE OR PARTICIPATE IN A CLASS, COLLECTIVE OR NON-INDIVIDUAL REPRESENTATIVE ACTION, EXCEPT TO THE EXTENT PROHIBITED BY LAW; YOU INSTEAD AGREE TO ARBITRATE ANY EMPLOYMENT-RELATED DISPUTE OR CLAIM ON AN INDIVIDUAL BASIS ONLY.**

5.      **Procedure for Arbitration.**

A.      Initiation of Arbitration.

Arbitration is initiated by giving written notice of the intention to arbitrate to the other party. The notice must be given within the applicable statute of limitations. A failure to file the notice within the applicable statute of limitations shall constitute a waiver of the dispute in any forum.

A notice of intent to arbitrate must include (1) the name and address of the party seeking arbitration, (2) a statement of the legal and factual basis of the claim, (3) a description of the remedy sought (4) the amount in controversy, and (5) the filing party's handwritten signature. A notice of intent to arbitrate from You shall be submitted to the General Counsel by hand-delivery or by registered or certified mail to Floor &

Decor Outlets of America, Inc., c/o General Counsel, 2500 Windy Ridge Pkwy SE, Atlanta, GA 30339 and shall be deemed filed on the date received by the Companies. A notice of intent to arbitrate from the Companies shall be hand-delivered or sent by registered or certified mail to You at the last known address listed in the Companies' records and shall be deemed filed on the date received by You.

B.    Rules of Arbitration

Binding arbitration under this Agreement shall be conducted before a single arbitrator with the Judicial Arbitration and Mediation Services, Inc. ("JAMS") in accordance with the employment arbitration rules for JAMS, except to the extent such rules contradict the other provisions of this Agreement. (If you wish to have copies of the rules for employment arbitrations provided by JAMS, please inform the Company in writing, and the Company will provide them to you before you execute this Agreement, and you may also obtain the rules directly from JAMS at https://www.jamsadr.com/rules-employment-arbitration/)

To the extent required by applicable law, and only to this extent, the Companies shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each side shall pay that side's own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party's attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

Each party shall pay its own costs and attorneys' fees; however, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and/or costs, or if there is a written agreement providing for fees and/or costs, the arbitrator may award reasonable fees and costs to the prevailing party, in accordance with such statute or agreement, if otherwise allowed by applicable law. In addition, any finding that a claim or counterclaim violates the standards set forth in Federal Rule of Civil Procedure 11 shall entitle the other party to recover their attorneys' fees, costs, and expenses.

Finally, both you and the Company may make one or more offers of judgment under the terms of Federal Rule of Civil Procedure 68, and the consequences of an accepted or unaccepted offer of judgment will also follow the terms of Federal Rule of Civil Procedure 68.

C.    Scope of Arbitrator's Authority

The arbitrator shall have the authority to rule on all motions whether made prior to or at the hearing, including motions for summary judgment or summary adjudication and motions to dismiss (with respect to any such motions, the party filing the motion may file a reply brief at their option or as required by the Arbitrator or the applicable rules). The arbitrator shall not have the authority to amend, modify or delete any provision of this Agreement or the Companies' policies, unless violative of applicable law.

The arbitrator shall have the authority to award only such remedies as could be awarded by a court under the applicable substantive law which may include injunctive or other equitable relief. Prior to the hearing, the arbitrator shall encourage the parties to explore settlement.

The arbitrator may not arbitrate or preside over any form of a class, collective or non-individual representative proceeding. The arbitrator will not have any authority to resolve any disputes about the formation, existence, enforceability or validity of the Agreement.

All arbitration proceedings are confidential, unless applicable law provides otherwise. The arbitrator shall maintain the confidentiality of the arbitration to the extent the law permits and shall have the authority to make appropriate rulings to safeguard that confidentiality.

D.    Conducting Discovery

Arbitration is intended to provide a less time-consuming, less expensive, and less complicated means of settling employment-related disputes. Discovery may be initiated by the parties after the selection of the arbitrator and may be initiated without first obtaining permission from the arbitrator. In the event of a dispute regarding discovery either party may ask the arbitrator to determine what discovery is appropriate under the circumstances or adequate for the prosecution or defense of the claims in accordance with current JAMS arbitration discovery rules. However, under no circumstances will discovery be permitted that is broader

than that which is allowed by the Federal Rules of Civil Procedure. The arbitrator may issue subpoenas to compel the testimony of third-party witnesses or the production of documents.

E.      The Hearing

Unless the arbitrator orders otherwise, the hearing shall be held in the city closest to the primary location where the Employee performs(ed) work for the Companies. The arbitrator may order the parties to submit pre- and/or post-hearing briefs. All testimony taken at the hearing before the arbitrator shall be under oath and, unless otherwise agreed to by the parties, the rules of evidence of the state in which the Company that employed the Employee is located shall apply. A party shall have the right to have a written transcript of the proceedings at that party's own expense.

F.      Arbitrator's Decision

The arbitrator shall issue a written decision within 30 days, or as soon thereafter as practicable, of the later of the conclusion of the hearing or, where applicable, the receipt of briefs. The decision shall be in writing with factual findings, reasons given, and evidence cited to support the award. The decision of the arbitrator may be entered as a judgment in a court of competent jurisdiction.

**6.      Severability and Enforceability of Agreement.**

In the event that any paragraph or provision within a paragraph of this Agreement is determined to be illegal or unenforceable, specifically including but not limited to the provisions of section 4, above, the provisions of such determination shall not affect the validity or enforceability of the remaining paragraphs or provisions within a paragraph, all of which shall remain in full force and effect. If necessary, to effectuate the intent of the parties to resolve the specified disputes through arbitration, a court of competent jurisdiction should reform this Agreement.

Notwithstanding the waiver of the Employee and the Companies to bring or participate in a class, collective or other representative proceeding, employees may have a statutory right (e.g., under the National Labor Relations Act) to act concertedly on behalf of themselves and others to challenge this Arbitration Policy in any forum. If Employee acts concertedly to pursue any such proceeding, the Companies will not retaliate against Employee for doing so. The Companies are entitled, however, to enforce this Agreement, including Employee's agreement to arbitrate all claims and to forego pursuing any covered dispute on a class, collective or representative basis; and the Companies are entitled to seek dismissal of any such class, collective or non-individual representative action and otherwise assert this Agreement as a defense in any proceeding. However, under no circumstances shall a dispute be arbitrated on a class, collective or non-individual basis.

**7.      Modifications.**

The terms of this Agreement shall not be orally modified; this Agreement shall be modified only by a written document signed by the Chief Human Resources Officer of the Company and the Employee. The arbitrator shall have no authority to add to, delete from or modify in any way the provisions of this agreement. A court or other entityconstruing this Agreement may administer, modify, or interpret it to the extent and in such manner as to render it enforceable.

**8.      Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties on the subject matter of this Agreement and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. The Company and You acknowledge that there are no representations, agreements, arrangements or understandings, oral or written relating to the subject matter of this Agreement that are not fully expressed in this Agreement. The Agreement shall survive the termination of Your employment with the Company.

**You and the Company agree that this Agreement does not change the at-will nature of your employment and that the Company or You may terminate your employment at any time, with or without cause or notice.**

9.      Acknowledgment of the Arbitration Agreement.

**BY SIGNING BELOW OR ELECTRONICALLY, I, THE EMPLOYEE, KNOWINGLY AND FREELY AGREE TO THIS MUTUAL AGREEMENT TO ARBITRATE ANY CLAIMS BETWEEN ME AND THE COMPANIES THAT OTHERWISE COULD HAVE BEEN BROUGHT IN COURT AND/OR BEFORE A JURY. I AFFIRM THAT I HAVE HAD SUFFICIENT TIME TO READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT, THAT I HAVE BEEN ADVISED OF MY RIGHT TO SEEK LEGAL COUNSEL REGARDING THE MEANING AND EFFECT OF THIS AGREEMENT PRIOR TO SIGNING, AND THAT I HAVE DONE SO OR HAVE HAD THE OPPORTUNITY TO DO SO AND HAVE DECLINED TO DO SO. I ACKNOWLEDGE THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANIES OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.**

**THIS AGREEMENT IS NOT, AND SHALL NOT BE CONSTRUED TO CREATE, ANY CONTRACT OF EMPLOYMENT, EXPRESS OR IMPLIED. THIS AGREEMENT SHALL NOT BE DEEMED TO ALTER OR MODIFY THE COMPANIES' POLICIES OF AT-WILL EMPLOYMENT. EMPLOYMENT AT THE COMPANIES IS AT-WILL AND CAN BE TERMINATED BY EITHER MYSELF OR THE COMPANY AT ANY TIME, WITH OR WITHOUT CAUSE OR NOTICE.**

*Heather Havette*

**Heather Havette**

**Senior Vice President - Chief Human Resources Officer**

**Floor & Decor Outlets of America, Inc.**

Rikki Saldivar
_____

Associate Name (Print)

*Rikki Saldivar*
Rikki Saldivar (Sep 22, 2022 16:17 PDT)
_____

Associate Signature

Sep 22, 2022
_____

Date

6

# EXHIBIT A-3



# FLOOR & DECOR®

## Arbitration Agreement – California Associates

**May 2024**

## Agreement for Arbitration of Disputes

While Floor and Decor Outlets of America, Inc. (the "Company") hopes that employment disputes or other disputes between employees and the Company will not occur, it believes that when such disputes do arise, it is in the mutual interest of those involved to handle them through binding arbitration. The Employee ("You" or "Employee") and the Company and all of its wholly or partly-owned subsidiaries (collectively the "Companies")(together, the "Parties") agree as follows:

1.      **Consideration**. The Parties agree and understand that the mutual promises by Companies and by You to arbitrate their respective differences, rather than litigate them before courts or other bodies provide adequate consideration for this Agreement.

2.      **Disputes Subject to Arbitration.**

        A.      The Parties agree to arbitrate any employment-related dispute, cause of action, claim, or controversy that arose out of or is in any way related to the employment relationship or the termination thereof that could otherwise be raised in court, unless specifically excluded below, between You and any one or more of the Companies, including any and all of their parents, subsidiaries, and affiliates, and each of the foregoing entities' employees, owners, officers, directors, agents, customers, accountants and vendors/contractors ("Claim(s)"). The scope of arbitration of Claims in this Agreement is intended to be as expansive as permitted by applicable law. This Agreement is intended to be both retrospective and prospective and is intended to include past, present, and future Claims, including Claims that may have originated or accrued prior to the signing of this Agreement.

        B.      Claims subject to arbitration include, but are not limited to, any Claim of wrongful discharge (including claims of constructive discharge), breach of contract, statutory violation, tortious conduct (whether intentional, negligent, or otherwise), Claims in which punitive damages or consequential damages could be awarded, or any other Claim that arose out of, or is in any way related to, the employment relationship. This agreement to arbitrate includes all Claims which could have been brought in a court proceeding including, but not limited to, Claims under Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the Age Discrimination in Employment Act, the California Labor Code, the California Wage Orders, the California Business and Professions Code section 17200 et seq., the Fair Labor Standards Act, individual claims under the California Private Attorney General Act ("PAGA"), and Claims under any other federal, state or local law. This agreement to arbitrate excludes (i) claims for sexual harassment and sexual assault, (ii) claims for worker's compensation benefits to remedy work-related injury or illness, and (iii) claims that by law cannot be subject to arbitration.

        C.      Nothing in this Agreement shall be construed as precluding You from filing (1) a claim for workers' compensation or unemployment compensation benefits; (2) an administrative charge with the Equal Employment Opportunity Commission, California Civil Rights Department or similar fair employment practices agency, or (3) an administrative charge within the jurisdiction of the National Labor Relations Board. Any such administrative claim or charge that cannot be resolved administratively through such an agency shall be subject to this Agreement.

        D.      Statutes of limitations, scope of remedies, and substantive law (including any requirement for prior exhaustion of administrative agency relief) shall be the same as would be applicable were any action to be brought in court and shall not be limited by the fact that any dispute is subject to arbitration.

3.      **Arbitration is the Exclusive Remedy.**

        Arbitration pursuant to this Agreement shall be the exclusive remedy for resolving any arbitrable disputes. The Parties mutually waive their right to a trial before a judge or jury in federal or state court in

favor of arbitration under this Agreement. Otherwise, the rights of the Parties under this Agreement shall be the same as those available to them in a court of competent jurisdiction. The decision of the arbitrator shall be final and binding on all Parties.

The interpretation and enforcement of this Agreement shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. If for any reason the Federal Arbitration Act does not apply to the interpretation and enforcement of this Agreement, then interpretation and enforcement of this Agreement shall be governed by the law of the state where Employee primarily worked for the Company when the claim(s) in dispute accrued. This Agreement may be enforced and administered by a court of competent jurisdiction through the filing of a petition to compel arbitration or decide arbitrability, and to confirm, vacate or modify an arbitration award. The Parties agree that a court, and not the arbitrator, shall decide all issues of arbitrability. If any person or entity covered by this Agreement loses a motion to compel arbitration stemming from this Agreement and there is an appeal of the arbitration order, it is the intent and preference of the Company and Employee that the trial court action to be stayed pending the appeal. The parties understand that an appeal may delay resolution of the trial court action, but the Company and Employee agree that a stay would promote judicial economy and preservation of party resources.

4.        **Waiver of Class, Collective, and Non-Individual Actions.**

Notwithstanding any other provision of this Agreement, any arbitration under this Agreement must and will take place on an individual basis only (as opposed to on a class, collective or non-individual basis). Class, collective and non-individual arbitrations are not agreed to or permitted under this Agreement. Unless prohibited by applicable law, You and the Company agree that, by entering into this Agreement, You and the Company each are waiving the right to initiate or participate in a class, collective, or non-individual action (or any action involving class or collective certification procedures) for all employment-related disputes and/or Claims. For employees in California, claims asserted under the Private Attorneys General Act (PAGA) involving any violations suffered by a party individually shall be arbitrated on an individual basis only. The parties agree that any non-individual claim asserted under PAGA involving any violations suffered by other individuals are not Claims subject to arbitration under this Agreement and will be dismissed or, if dismissal is not legally permissible, stayed pending the outcome of the arbitration in accordance with applicable law.  It is the intent of the parties that a court of competent jurisdiction (not an arbitrator) determine the enforceability of this paragraph concerning class, collective and non-individual actions to the extent there is a challenge as to its enforceability.  In the event that all or part of this provision is deemed unenforceable such that any class,  collective, or non-individual action claim is not waived hereunder, then any such non-waived class, collective, or non-individual  action claims must be filed in a court of competent jurisdiction, and such court, and not an arbitrator,shall be the exclusive forum for such claims, and the portion of the provision that is enforceable will be enforced in arbitration. The Company and You understand and agree that any ruling by an arbitrator combining Claims of two or more employees or allowing class, collective, or non-individual arbitration would be contrary to the intent of this Agreement and would be subject to immediate judicial review.

**FOR THE SAKE OF CLARITY, THROUGH THIS AGREEMENT, YOU ARE GIVING UP YOUR RIGHT TO A JURY TRIAL AND YOUR RIGHT TO COMMENCE OR PARTICIPATE IN A CLASS, COLLECTIVE, OR NON-INDIVIDUAL ACTION, EXCEPT TO THE EXTENT PROHIBITED BY LAW OR OTHERWISE PROVIDED IN THIS AGREEMENT; YOU INSTEAD AGREE TO ARBITRATE ANY EMPLOYMENT-RELATED DISPUTE OR CLAIM ON AN INDIVIDUAL BASIS ONLY.**

5.    **Procedure for Arbitration.**

A.    <u>Initiation of Arbitration.</u>

Arbitration is initiated by giving written notice of the intention to arbitrate to the other party. The notice must be given within the applicable statute of limitations. A failure to file the notice within the applicable statute of limitations shall constitute a waiver of the dispute in any forum.

A notice of intent to arbitrate must include (1) the name and address of the party seeking arbitration, (2) a statement of the legal and factual basis of the claim, (3) a description of the remedy sought (4) the amount in controversy, and (5) the filing party's handwritten signature. A notice of intent to arbitrate from You shall be submitted to the General Counsel by hand-delivery or by registered or certified mail to Floor & Decor Outlets of America, Inc., c/o General Counsel, 2500 Windy Ridge Pkwy SE, Atlanta, GA 30339 and shall be deemed filed on the date received by the Companies. A notice of intent to arbitrate from the Companies shall be hand-delivered or sent by registered or certified mail to You at the last known address listed in the Companies' records and shall be deemed filed on the date received by You.

B.    <u>Rules of Arbitration</u>

Binding arbitration under this Agreement shall be conducted before a single arbitrator with the Judicial Arbitration and Mediation Services, Inc. ("JAMS") in accordance with the employment arbitration rules for JAMS ("JAMS Rules"), except to the extent such rules contradict the other provisions of this Agreement. (If you wish to havecopies of the JAMS Rules, please inform the Company in writing, and the Company will provide them to you before you execute this Agreement, and you may also obtain the rules directly from JAMS's website at www.jamsadr.com.)

The Companies shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each party shall pay its own costs and attorneys' fees; however, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and/or costs, or if there is a written agreement providing for fees and/or costs, the arbitrator may award reasonable fees and costs to the prevailing party, in accordance with such statute or agreement, if otherwise allowed by applicable law. In addition, any finding that a claim or counterclaim violates the standards set forth in Federal Rule of Civil Procedure 11 shall entitle the other party to recover their attorneys' fees, costs, and expenses.

C.    <u>Scope of Arbitrator's Authority</u>

The arbitrator shall have the authority to rule on all motions whether made prior to or at the hearing, including motions for summary judgment or summary adjudication and motions to dismiss (with respect to any such motions, the party filing the motion may file a reply brief at their option or as required by the Arbitrator or the applicable rules). The arbitrator shall not have the authority to amend, modify or delete any provision of this Agreement or the Companies' policies, unless violative of applicable law.

The arbitrator shall have the authority to award only such remedies as could be awarded by a court under the applicable substantive law which may include injunctive or other equitable relief. Prior to the hearing, the arbitrator shall encourage the parties to explore settlement.

The arbitrator may not arbitrate or preside over any form of a class, collective or non-individual proceeding. The arbitrator will not have any authority to resolve any disputes about the formation, existence, enforceability or validity of the Agreement.

D.    <u>Conducting Discovery</u>

Discovery will be governed by the JAMS Rules. However, under no circumstances will discovery be permitted that is broader than that which is allowed by the Federal Rules of Civil Procedure. The arbitrator may issue subpoenas to compel the testimony of third-party witnesses or the production of documents. In

the event of a dispute regarding discovery either party may ask the arbitrator to determine what discovery is appropriate under the circumstances or adequate for the prosecution or defense of the claims in accordance with current JAMS Rules.

E.    <u>The Hearing</u>

Unless the arbitrator orders otherwise, any arbitration hearing shall be held in the city closest to the primary location where the Employee performs(ed) work for the Companies. The arbitrator may order the parties to submit pre- and/or post-hearing briefs. All testimony taken at the hearing before the arbitrator shall be under oath and, unless otherwise agreed to by the parties, the rules of evidence of the state in which the Company that employed the Employee is located shall apply. A party shall have the right to have a written transcript of the proceedings at that party's own expense.

F.    <u>Arbitrator's Decision</u>

The arbitrator shall issue a written decision within 30 days, or as soon thereafter as practicable, of the later of the conclusion of the hearing or, where applicable, the receipt of briefs. The decision shall be in writing with factual findings, reasons given, and evidence cited to support the award. The decision of the arbitrator may be entered as a judgment in a court of competent jurisdiction.

**6.    Severability and Enforceability of Agreement.**

In the event that any paragraph or provision within a paragraph of this Agreement is determined to be illegal or unenforceable, specifically including but not limited to the provisions of section 4, above, the provisions of such determination shall not affect the validity or enforceability of the remaining paragraphs or provisions within a paragraph, all of which shall remain in full force and effect. If necessary, to effectuate the intent of the parties to resolve the specified disputes through arbitration, a court of competent jurisdiction should reform this Agreement.

**7.    Modifications.**

The terms of this Agreement shall not be orally modified; this Agreement shall be modified only by a written document signed by the Chief Human Resources Officer of the Company and the Employee. The arbitrator shall have no authority to add to, delete from or modify in any way the provisions of this Agreement. A court or other entity construing this Agreement may administer, modify, or interpret it to the extent and in such manner as to render it enforceable.

**8.    Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties on the subject matter of this Agreement and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. The Company and You acknowledge that there are no representations, agreements, arrangements or understandings, oral or written, relating to the subject matter of this Agreement that are not fully expressed in this Agreement. The Agreement shall survive the termination of Your employment with the Company.

**You and the Company agree that this Agreement does not change the at-will nature of your employment and that the Company or You may terminate your employment at any time, with or without cause or notice.**

**9.    Acceptance of the Arbitration Agreement.**

**BY SIGNING BELOW OR ELECTRONICALLY, I, THE EMPLOYEE, KNOWINGLY AND FREELY AGREE TO THIS MUTUAL AGREEMENT TO ARBITRATE ANY CLAIMS BETWEEN ME AND THE COMPANIES THAT OTHERWISE COULD HAVE BEEN BROUGHT IN COURT AND/OR BEFORE A JURY. I AFFIRM THAT I HAVE HAD SUFFICIENT TIME TO READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT,**

THAT I HAVE BEEN ADVISED OF MY RIGHT TO SEEK LEGAL COUNSEL REGARDING THE MEANING AND EFFECT OF THIS AGREEMENT PRIOR TO SIGNING, AND THAT I HAVE DONE SO OR HAVE HAD THE OPPORTUNITY TO DO SO AND HAVE DECLINED TO DO SO. I ACKNOWLEDGE THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANIES OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

THIS AGREEMENT IS NOT, AND SHALL NOT BE CONSTRUED TO CREATE, ANY CONTRACT OF EMPLOYMENT, EXPRESS OR IMPLIED. THIS AGREEMENT SHALL NOT BE DEEMED TO ALTER OR MODIFY THE COMPANIES' POLICIES OF AT-WILL EMPLOYMENT. EMPLOYMENT AT THE COMPANIES IS AT-WILL AND CAN BE TERMINATED BY EITHER MYSELF OR THE COMPANY AT ANY TIME, WITH OR WITHOUT CAUSE OR NOTICE.

Rikki Saldivar
_____
**Employee Name (Print)**

*Rikki Saldivar*
Rikki Saldivar (Jun 1, 2024 13:48 PDT)
_____
**Employee Signature**

Jun 1, 2024
_____
**Date**

**AGREED BY THE COMPANY:**

*Heather Havette*

**Heather Havette**

**Senior Vice President - Chief Human Resources Officer**

**Floor & Decor Outlets of America, Inc.**

# EXHIBIT B



# Arbitration Agreement
# California Only

### Effective September 2022



2500 Windy Ridge Pkwy SE
Atlanta, GA 30339



## Agreement for Arbitration of Disputes for California Only

While Floor and Decor Outlets of America, Inc. (the "Company") hopes that employment disputes or other disputes between employees and the Company will not occur, it believes that when such disputes do arise, it is in the mutual interest of those involved to handle them through binding arbitration. The Employee ("You" or "Employee") and the Company and all of its wholly or partly-owned subsidiaries (collectively the "Companies")(together, the "Parties") agree as follows:

**1.      Consideration**. The Parties agree and understand that the mutual promises by Companies and by You to arbitrate their respective differences, rather than litigate them before courts or other bodies, as well as Your initial/continued employment with one or more of the Companies, provide adequate consideration for this Agreement.

**2.      Disputes Subject to Arbitration.**

A.      The Parties agree to arbitrate any employment-related dispute, cause of action, claim, or controversy, including but not limited to any dispute, cause of action, claim, or controversy that arose out of or is in any way related to the employment relationship or the termination thereof, unless specifically excluded below, between You and any one or more of the Companies, including any and all of their parents, subsidiaries, and affiliates, and each of the foregoing entities' employees, owners, officers, directors, agents, customers, accountants and vendors/contractors ("Claim(s)"). The scope of arbitration of Claims in this Agreement is intended to be as expansive as permitted by applicable law. This Agreement is intended to be both retrospective and prospective and is intended to include past, present, and future Claims, including Claims that may have originated or accrued prior to the signing of this Agreement.

B.      Claims subject to arbitration include, but are not limited to, any Claim of wrongful discharge (including claims of constructive discharge), breach of contract, statutory violation, tortious conduct (whether intentional, negligent, or otherwise), Claims in which punitive damages or consequential damages could be awarded, or any other Claim that arose out of, or is in any way related to, the employment relationship. This agreement to arbitrate includes all Claims which could have been brought before any government agency or in a court proceeding including, but not limited to, Claims under Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the Age Discrimination in Employment Act, the California Labor Code, the California Wage Orders, the California Business and Professions Code section 17200 et seq., the Fair Labor Standards Act, individual claims under the California Private Attorney General Act ("PAGA"), and Claims under any other federal, state or local law.  This agreement to arbitration excludes claims for sexual harassment, sexual assault, worker's compensation benefits to remedy work-related injury or illness, or any claim that is non-arbitrable under applicable state or federal law.

C.      Nothing in this Agreement shall be construed as precluding You from filing a: (1) claim for workers' compensation or unemployment compensation benefits; and (2) claim with the Equal Employment Opportunity Commission, California Department of Fair Employment and Housing or similar fair employment practices agency, or an administrative charge within the jurisdiction of the National Labor Relations Board; however, You may not recover monetary amounts from any such governmental agency-related claim (e.g., NLRB or EEOC) and may instead pursue a claim for monetary amounts through arbitration, and any such administrative claim that cannot be resolved administratively through such an agency shall be subject to this Agreement.

D.      Statutes of limitations, scope of remedies, and substantive law (including any requirement for prior exhaustion of administrative agency relief) shall be the same as would be applicable were any action to be brought in court and shall not be limited by the fact that any dispute is subject to arbitration.

3.      **Arbitration is the Exclusive Remedy.**

Arbitration pursuant to this Agreement shall be the exclusive remedy for resolving any arbitrable disputes. The Parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of arbitration under this Agreement. Otherwise, the rights of the Parties under this Agreement shall be the same as those available to them in a court of competent jurisdiction. The decision of the arbitrator shall be final and binding on all Parties.

The Company is engaged in interstate commerce; thus, the interpretation and enforcement of this Agreement shall be governed by the Federal Arbitration Act. This Agreement may be enforced and administered by a court of competent jurisdiction through the filing of a petition to compel arbitration or decide arbitrability; confirm, vacate or modify an arbitration award. The Parties agree that a court, and not the arbitrator, shall decide all issues of arbitrability.

4.      **Class, Collective, and Representative Action Waiver.**

Notwithstanding any other provision of this Agreement, any arbitration under this Agreement must and will take place on an individual basis only (as opposed to on a class, collective or non-individual representative basis). Class, collective and non-individual representative arbitrations are not agreed to or permitted under this Agreement. Unless prohibited by applicable law, You and the Company agree that, by entering into this Agreement, You and the Company each are waiving the right to initiate or participate in a class, collective or non-individual representative action for all employment-related disputes and/or Claims. As such, neither party may initiate a proposed class, collective or non-individual representative action against the other or participate in a class, collective or non-individual representative action.  It is the intent of the parties that a court of competent jurisdiction (not an arbitrator) determine the enforceability of this paragraph concerning class, collective and non-individual representative actions to the extent there is a challenge as to its enforceability.  In the event that all or part of this provision is deemed unenforceable such that any class, collective, or non-individual representative claim is not waived hereunder, then any such non-waived class, collective, or non-individual representative claim must be filed in a court of competent jurisdiction, and such court, and not an arbitrator,shall be the exclusive forum for such claims, and the portion of the provision that is enforceable will be enforced.  The Company and You understand and agree that any ruling by an arbitrator combining the covered claims of two or more employees or allowing class, collective or non-individual representative arbitration would be contrary to the intent of this Agreement and would be subject to immediate judicial review.

**FOR THE SAKE OF CLARITY, THROUGH THIS AGREEMENT, YOU ARE GIVING UP YOUR RIGHT TO A JURY TRIAL AND YOUR RIGHT TO COMMENCE OR PARTICIPATE IN A CLASS, COLLECTIVE OR NON-INDIVIDUAL REPRESENTATIVE ACTION, EXCEPT TO THE EXTENT PROHIBITED BY LAW; YOU INSTEAD AGREE TO ARBITRATE ANY EMPLOYMENT-RELATED DISPUTE OR CLAIM ON AN INDIVIDUAL BASIS ONLY.**

5.      **Procedure for Arbitration.**

A.      Initiation of Arbitration.

Arbitration is initiated by giving written notice of the intention to arbitrate to the other party. The notice must be given within the applicable statute of limitations. A failure to file the notice within the applicable statute of limitations shall constitute a waiver of the dispute in any forum.

A notice of intent to arbitrate must include (1) the name and address of the party seeking arbitration, (2) a statement of the legal and factual basis of the claim, (3) a description of the remedy sought (4) the amount in controversy, and (5) the filing party's handwritten signature. A notice of intent to arbitrate from You shall be submitted to the General Counsel by hand-delivery or by registered or certified mail to Floor &

Decor Outlets of America, Inc., c/o General Counsel, 2500 Windy Ridge Pkwy SE, Atlanta, GA 30339 and shall be deemed filed on the date received by the Companies. A notice of intent to arbitrate from the Companies shall be hand-delivered or sent by registered or certified mail to You at the last known address listed in the Companies' records and shall be deemed filed on the date received by You.

B.    Rules of Arbitration

Binding arbitration under this Agreement shall be conducted before a single arbitrator with the Judicial Arbitration and Mediation Services, Inc. ("JAMS") in accordance with the employment arbitration rules for JAMS, except to the extent such rules contradict the other provisions of this Agreement. (If you wish to have copies of the rules for employment arbitrations provided by JAMS, please inform the Company in writing, and the Company will provide them to you before you execute this Agreement, and you may also obtain the rules directly from JAMS at https://www.jamsadr.com/rules-employment-arbitration/)

To the extent required by applicable law, and only to this extent, the Companies shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each side shall pay that side's own costs and attorneys' fees, if any, unless the arbitrator rules otherwise. If the applicable law affords the prevailing party's attorneys' fees and costs, then the arbitrator shall apply the same standards a court would apply to award such fees and costs.

Each party shall pay its own costs and attorneys' fees; however, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and/or costs, or if there is a written agreement providing for fees and/or costs, the arbitrator may award reasonable fees and costs to the prevailing party, in accordance with such statute or agreement, if otherwise allowed by applicable law. In addition, any finding that a claim or counterclaim violates the standards set forth in Federal Rule of Civil Procedure 11 shall entitle the other party to recover their attorneys' fees, costs, and expenses.

Finally, both you and the Company may make one or more offers of judgment under the terms of Federal Rule of Civil Procedure 68, and the consequences of an accepted or unaccepted offer of judgment will also follow the terms of Federal Rule of Civil Procedure 68.

C.    Scope of Arbitrator's Authority

The arbitrator shall have the authority to rule on all motions whether made prior to or at the hearing, including motions for summary judgment or summary adjudication and motions to dismiss (with respect to any such motions, the party filing the motion may file a reply brief at their option or as required by the Arbitrator or the applicable rules). The arbitrator shall not have the authority to amend, modify or delete any provision of this Agreement or the Companies' policies, unless violative of applicable law.

The arbitrator shall have the authority to award only such remedies as could be awarded by a court under the applicable substantive law which may include injunctive or other equitable relief. Prior to the hearing, the arbitrator shall encourage the parties to explore settlement.

The arbitrator may not arbitrate or preside over any form of a class, collective or non-individual representative proceeding. The arbitrator will not have any authority to resolve any disputes about the formation, existence, enforceability or validity of the Agreement.

All arbitration proceedings are confidential, unless applicable law provides otherwise. The arbitrator shall maintain the confidentiality of the arbitration to the extent the law permits and shall have the authority to make appropriate rulings to safeguard that confidentiality.

D.    Conducting Discovery

Arbitration is intended to provide a less time-consuming, less expensive, and less complicated means of settling employment-related disputes. Discovery may be initiated by the parties after the selection of the arbitrator and may be initiated without first obtaining permission from the arbitrator. In the event of a dispute regarding discovery either party may ask the arbitrator to determine what discovery is appropriate under the circumstances or adequate for the prosecution or defense of the claims in accordance with current JAMS arbitration discovery rules. However, under no circumstances will discovery be permitted that is broader

than that which is allowed by the Federal Rules of Civil Procedure. The arbitrator may issue subpoenas to compel the testimony of third-party witnesses or the production of documents.

E.      The Hearing

Unless the arbitrator orders otherwise, the hearing shall be held in the city closest to the primary location where the Employee performs(ed) work for the Companies. The arbitrator may order the parties to submit pre- and/or post-hearing briefs. All testimony taken at the hearing before the arbitrator shall be under oath and, unless otherwise agreed to by the parties, the rules of evidence of the state in which the Company that employed the Employee is located shall apply. A party shall have the right to have a written transcript of the proceedings at that party's own expense.

F.      Arbitrator's Decision

The arbitrator shall issue a written decision within 30 days, or as soon thereafter as practicable, of the later of the conclusion of the hearing or, where applicable, the receipt of briefs. The decision shall be in writing with factual findings, reasons given, and evidence cited to support the award. The decision of the arbitrator may be entered as a judgment in a court of competent jurisdiction.

**6.      Severability and Enforceability of Agreement.**

In the event that any paragraph or provision within a paragraph of this Agreement is determined to be illegal or unenforceable, specifically including but not limited to the provisions of section 4, above, the provisions of such determination shall not affect the validity or enforceability of the remaining paragraphs or provisions within a paragraph, all of which shall remain in full force and effect. If necessary, to effectuate the intent of the parties to resolve the specified disputes through arbitration, a court of competent jurisdiction should reform this Agreement.

Notwithstanding the waiver of the Employee and the Companies to bring or participate in a class, collective or other representative proceeding, employees may have a statutory right (e.g., under the National Labor Relations Act) to act concertedly on behalf of themselves and others to challenge this Arbitration Policy in any forum. If Employee acts concertedly to pursue any such proceeding, the Companies will not retaliate against Employee for doing so. The Companies are entitled, however, to enforce this Agreement, including Employee's agreement to arbitrate all claims and to forego pursuing any covered dispute on a class, collective or representative basis; and the Companies are entitled to seek dismissal of any such class, collective or non-individual representative action and otherwise assert this Agreement as a defense in any proceeding. However, under no circumstances shall a dispute be arbitrated on a class, collective or non-individual basis.

**7.      Modifications.**

The terms of this Agreement shall not be orally modified; this Agreement shall be modified only by a written document signed by the Chief Human Resources Officer of the Company and the Employee. The arbitrator shall have no authority to add to, delete from or modify in any way the provisions of this agreement. A court or other entityconstruing this Agreement may administer, modify, or interpret it to the extent and in such manner as to render it enforceable.

**8.      Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties on the subject matter of this Agreement and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. The Company and You acknowledge that there are no representations, agreements, arrangements or understandings, oral or written relating to the subject matter of this Agreement that are not fully expressed in this Agreement. The Agreement shall survive the termination of Your employment with the Company.

**You and the Company agree that this Agreement does not change the at-will nature of your employment and that the Company or You may terminate your employment at any time, with or without cause or notice.**

9.      **Acknowledgment of the Arbitration Agreement.**

**BY SIGNING BELOW OR ELECTRONICALLY, I, THE EMPLOYEE, KNOWINGLY AND FREELY AGREE TO THIS MUTUAL AGREEMENT TO ARBITRATE ANY CLAIMS BETWEEN ME AND THE COMPANIES THAT OTHERWISE COULD HAVE BEEN BROUGHT IN COURT AND/OR BEFORE A JURY. I AFFIRM THAT I HAVE HAD SUFFICIENT TIME TO READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT, THAT I HAVE BEEN ADVISED OF MY RIGHT TO SEEK LEGAL COUNSEL REGARDING THE MEANING AND EFFECT OF THIS AGREEMENT PRIOR TO SIGNING, AND THAT I HAVE DONE SO OR HAVE HAD THE OPPORTUNITY TO DO SO AND HAVE DECLINED TO DO SO. I ACKNOWLEDGE THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANIES OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.**

**THIS AGREEMENT IS NOT, AND SHALL NOT BE CONSTRUED TO CREATE, ANY CONTRACT OF EMPLOYMENT, EXPRESS OR IMPLIED. THIS AGREEMENT SHALL NOT BE DEEMED TO ALTER OR MODIFY THE COMPANIES' POLICIES OF AT-WILL EMPLOYMENT. EMPLOYMENT AT THE COMPANIES IS AT-WILL AND CAN BE TERMINATED BY EITHER MYSELF OR THE COMPANY AT ANY TIME, WITH OR WITHOUT CAUSE OR NOTICE.**



**Heather Havette**

**Senior Vice President - Chief Human Resources Officer**

**Floor & Decor Outlets of America, Inc.**

francisco aleman
_____

   Associate Name (Print)

_francisco aleman_
francisco aleman (May 20, 2024 08:05 PDT)
_____

   Associate Signature

May 20, 2024
_____

   Date

# EXHIBIT B-2



# Arbitration Agreement – California Associates

## May 2024

## Agreement for Arbitration of Disputes

While Floor and Decor Outlets of America, Inc. (the "Company") hopes that employment disputes or other disputes between employees and the Company will not occur, it believes that when such disputes do arise,it is in the mutual interest of those involved to handle them through binding arbitration. The Employee ("You" or "Employee") and the Company and all of its wholly or partly-owned subsidiaries (collectively the "Companies")(together, the "Parties") agree as follows:

**1.    Consideration**. The Parties agree and understand that the mutual promises by Companies and by You to arbitrate their respective differences, rather than litigate them before courts or other bodies provide adequate consideration for this Agreement.

**2.    Disputes Subject to Arbitration.**

A.    The Parties agree to arbitrate any employment-related dispute, cause of action, claim, or controversy that arose out of or is in any way related to the employment relationship or the termination thereof that could otherwise be raised in court, unless specifically excluded below, between You and any one or more of the Companies, including any and all of their parents, subsidiaries, and affiliates, and each of the foregoing entities' employees, owners, officers, directors, agents, customers, accountants and vendors/contractors ("Claim(s)"). The scope of arbitration of Claims in this Agreement is intended to be as expansive as permitted by applicable law. This Agreement is intended to be both retrospective and prospective and is intended to include past, present, and future Claims, including Claims that may have originated or accrued prior to the signing of this Agreement.

B.    Claims subject to arbitration include, but are not limited to, any Claim of wrongful discharge (including claims of constructive discharge), breach of contract, statutory violation, tortious conduct (whether intentional, negligent, or otherwise), Claims in which punitive damages or consequential damages could be awarded, or any other Claim that arose out of, or is in any way related to, the employment relationship. This agreement to arbitrate includes all Claims which could have been brought in a court proceeding including, but not limited to, Claims under Title VII of the Civil Rights Act of 1964, the Equal PayAct of 1963, the Americans with Disabilities Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the Age Discrimination in Employment Act, the California Labor Code, the California Wage Orders, the California Business and Professions Code section 17200 et seq., the Fair Labor Standards Act, individual claims under the California Private Attorney General Act ("PAGA"), and Claims under any other federal, state or local law. This agreement to arbitrate excludes (i) claims for sexual harassment and sexual assault, (ii) claims for worker's compensation benefits to remedy work-related injury or illness, and (iii) claims that by law cannot be subject to arbitration.

C.    Nothing in this Agreement shall be construed as precluding You from filing (1) a claim for workers' compensation or unemployment compensation benefits; (2) an administrative charge with the Equal Employment Opportunity Commission, California Civil Rights Department or similar fair employment practices agency, or (3) an administrative charge within the jurisdiction of the National Labor Relations Board. Any such administrative claim or charge that cannot be resolved administratively through such an agency shall be subject to this Agreement.

D.    Statutes of limitations, scope of remedies, and substantive law (including any requirement for prior exhaustion of administrative agency relief) shall be the same as would be applicable were any action to be brought in court and shall not be limited by the fact that any dispute is subject to arbitration.

**3.    Arbitration is the Exclusive Remedy.**

Arbitration pursuant to this Agreement shall be the exclusive remedy for resolving any arbitrable disputes. The Parties mutually waive their right to a trial before a judge or jury in federal or state court in

favor of arbitration under this Agreement. Otherwise, the rights of the Parties under this Agreement shall be the same as those available to them in a court of competent jurisdiction. The decision of the arbitrator shall be final and binding on all Parties.

The interpretation and enforcement of this Agreement shall be governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. If for any reason the Federal Arbitration Act does not apply to the interpretation and enforcement of this Agreement, then interpretation and enforcement of this Agreement shall be governed by the law of the state where Employee primarily worked for the Company when the claim(s) in dispute accrued. This Agreement may be enforced and administered by a court of competent jurisdiction through the filing of a petition to compel arbitration or decide arbitrability, and to confirm, vacate or modify an arbitration award. The Parties agree that a court, and not the arbitrator, shall decide all issues of arbitrability. If any person or entity covered by this Agreement loses a motion to compel arbitration stemming from this Agreement and there is an appeal of the arbitration order, it is the intent and preference of the Company and Employee that the trial court action to be stayed pending the appeal. The parties understand that an appeal may delay resolution of the trial court action, but the Company and Employee agree that a stay would promote judicial economy and preservation of party resources.

4.        **Waiver of Class, Collective, and Non-Individual Actions.**

Notwithstanding any other provision of this Agreement, any arbitration under this Agreement must and will take place on an individual basis only (as opposed to on a class, collective or non-individual basis). Class, collective and non-individual arbitrations are not agreed to or permitted under this Agreement. Unless prohibited by applicable law, You and the Company agree that, by entering into this Agreement, You and the Company each are waiving the right to initiate or participate in a class, collective, or non-individual action (or any action involving class or collective certification procedures) for all employment-related disputes and/or Claims. For employees in California, claims asserted under the Private Attorneys General Act (PAGA) involving any violations suffered by a party individually shall be arbitrated on an individual basis only. The parties agree that any non-individual claim asserted under PAGA involving any violations suffered by other individuals are not Claims subject to arbitration under this Agreement and will be dismissed or, if dismissal is not legally permissible, stayed pending the outcome of the arbitration in accordance with applicable law.  It is the intent of the parties that a court of competent jurisdiction (not an arbitrator) determine the enforceability of this paragraph concerning class, collective and non-individual actions to the extent there is a challenge as to its enforceability.  In the event that all or part of this provision is deemed unenforceable such that any class,  collective, or non-individual action claim is not waived hereunder, then any such non-waived class, collective, or non-individual  action claims must be filed in a court of competent jurisdiction, and such court, and not an arbitrator,shall be the exclusive forum for such claims, and the portion of the provision that is enforceable will be enforced in arbitration. The Company and You understand and agree that any ruling by an arbitrator combining Claims of two or more employees or allowing class, collective, or non-individual arbitration would be contrary to the intent of this Agreement and would be subject to immediate judicial review.

**FOR THE SAKE OF CLARITY, THROUGH THIS AGREEMENT, YOU ARE GIVING UP YOUR RIGHT TO A JURY TRIAL AND YOUR RIGHT TO COMMENCE OR PARTICIPATE IN A CLASS, COLLECTIVE, OR NON-INDIVIDUAL ACTION, EXCEPT TO THE EXTENT PROHIBITED BY LAW OR OTHERWISE PROVIDED IN THIS AGREEMENT; YOU INSTEAD AGREE TO ARBITRATE ANY EMPLOYMENT-RELATED DISPUTE OR CLAIM ON AN INDIVIDUAL BASIS ONLY.**

**5.      Procedure for Arbitration.**

     A.     <u>Initiation of Arbitration.</u>

Arbitration is initiated by giving written notice of the intention to arbitrate to the other party. The notice must be given within the applicable statute of limitations. A failure to file the notice within the applicable statute of limitations shall constitute a waiver of the dispute in any forum.

A notice of intent to arbitrate must include (1) the name and address of the party seeking arbitration, (2) a statement of the legal and factual basis of the claim, (3) a description of the remedy sought (4) the amount in controversy, and (5) the filing party's handwritten signature. A notice of intent to arbitrate from You shall be submitted to the General Counsel by hand-delivery or by registered or certified mail to Floor & Decor Outlets of America, Inc., c/o General Counsel, 2500 Windy Ridge Pkwy SE, Atlanta, GA 30339 and shall be deemed filed on the date received by the Companies. A notice of intent to arbitrate from the Companies shall be hand-delivered or sent by registered or certified mail to You at the last known address listed in the Companies' records and shall be deemed filed on the date received by You.

     B.     <u>Rules of Arbitration</u>

Binding arbitration under this Agreement shall be conducted before a single arbitrator with the Judicial Arbitration and Mediation Services, Inc. ("JAMS") in accordance with the employment arbitration rules for JAMS ("JAMS Rules"), except to the extent such rules contradict the other provisions of this Agreement. (If you wish to havecopies of the JAMS Rules, please inform the Company in writing, and the Company will provide them to you before you execute this Agreement, and you may also obtain the rules directly from JAMS's website at www.jamsadr.com.)

The Companies shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each party shall pay its own costs and attorneys' fees; however, if any party prevails on a statutory claim which affords the prevailing party attorneys' fees and/or costs, or if there is a written agreement providing for fees and/or costs, the arbitrator may award reasonable fees and costs to the prevailing party, in accordance with such statute or agreement, if otherwise allowed by applicable law. In addition, any finding that a claim or counterclaim violates the standards set forth in Federal Rule of Civil Procedure 11 shall entitle the other party to recover their attorneys' fees, costs, and expenses.

     C.     <u>Scope of Arbitrator's Authority</u>

The arbitrator shall have the authority to rule on all motions whether made prior to or at the hearing, including motions for summary judgment or summary adjudication and motions to dismiss (with respect to any such motions, the party filing the motion may file a reply brief at their option or as required by the Arbitrator or the applicable rules). The arbitrator shall not have the authority to amend, modify or delete any provision of this Agreement or the Companies' policies, unless violative of applicable law.

The arbitrator shall have the authority to award only such remedies as could be awarded by a court under the applicable substantive law which may include injunctive or other equitable relief. Prior to the hearing, the arbitrator shall encourage the parties to explore settlement.

The arbitrator may not arbitrate or preside over any form of a class, collective or non-individual proceeding. The arbitrator will not have any authority to resolve any disputes about the formation, existence, enforceability or validity of the Agreement.

     D.     <u>Conducting Discovery</u>

Discovery will be governed by the JAMS Rules. However, under no circumstances will discovery be permitted that is broader than that which is allowed by the Federal Rules of Civil Procedure. The arbitrator may issue subpoenas to compel the testimony of third-party witnesses or the production of documents. In

the event of a dispute regarding discovery either party may ask the arbitrator to determine what discovery is appropriate under the circumstances or adequate for the prosecution or defense of the claims in accordance with current JAMS Rules.

E.    The Hearing

Unless the arbitrator orders otherwise, any arbitration hearing shall be held in the city closest to the primary location where the Employee performs(ed) work for the Companies. The arbitrator may order the parties to submit pre- and/or post-hearing briefs. All testimony taken at the hearing before the arbitrator shall be under oath and, unless otherwise agreed to by the parties, the rules of evidence of the state in which the Company that employed the Employee is located shall apply. A party shall have the right to have a written transcript of the proceedings at that party's own expense.

F.    Arbitrator's Decision

The arbitrator shall issue a written decision within 30 days, or as soon thereafter as practicable, of the later of the conclusion of the hearing or, where applicable, the receipt of briefs. The decision shall be in writing with factual findings, reasons given, and evidence cited to support the award. The decision of the arbitrator may be entered as a judgment in a court of competent jurisdiction.

**6.    Severability and Enforceability of Agreement.**

In the event that any paragraph or provision within a paragraph of this Agreement is determined to be illegal or unenforceable, specifically including but not limited to the provisions of section 4, above, the provisions of such determination shall not affect the validity or enforceability of the remaining paragraphs or provisions within a paragraph, all of which shall remain in full force and effect. If necessary, to effectuate the intent of the parties to resolve the specified disputes through arbitration, a court of competent jurisdiction should reform this Agreement.

**7.    Modifications.**

The terms of this Agreement shall not be orally modified; this Agreement shall be modified only by a written document signed by the Chief Human Resources Officer of the Company and the Employee. The arbitrator shall have no authority to add to, delete from or modify in any way the provisions of this Agreement. A court or other entity construing this Agreement may administer, modify, or interpret it to the extent and in such manner as to render it enforceable.

**8.    Entire Agreement.**

This Agreement sets forth the entire agreement between the Parties on the subject matter of this Agreement and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. The Company and You acknowledge that there are no representations, agreements, arrangements or understandings, oral or written, relating to the subject matter of this Agreement that are not fully expressed in this Agreement. The Agreement shall survive the termination of Your employment with the Company.

**You and the Company agree that this Agreement does not change the at-will nature of your employment and that the Company or You may terminate your employment at any time, with or without cause or notice.**

**9.    Acceptance of the Arbitration Agreement.**

**BY SIGNING BELOW OR ELECTRONICALLY, I, THE EMPLOYEE, KNOWINGLY AND FREELY AGREE TO THIS MUTUAL AGREEMENT TO ARBITRATE ANY CLAIMS BETWEEN ME AND THE COMPANIES THAT OTHERWISE COULD HAVE BEEN BROUGHT IN COURT AND/OR BEFORE A JURY. I AFFIRM THAT I HAVE HAD SUFFICIENT TIME TO READ AND UNDERSTAND THE TERMS OF THIS AGREEMENT,**

THAT I HAVE BEEN ADVISED OF MY RIGHT TO SEEK LEGAL COUNSEL REGARDING THE MEANING AND EFFECT OF THIS AGREEMENT PRIOR TO SIGNING, AND THAT I HAVE DONE SO OR HAVE HAD THE OPPORTUNITY TO DO SO AND HAVE DECLINED TO DO SO. I ACKNOWLEDGE THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANIES OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

THIS AGREEMENT IS NOT, AND SHALL NOT BE CONSTRUED TO CREATE, ANY CONTRACT OF EMPLOYMENT, EXPRESS OR IMPLIED. THIS AGREEMENT SHALL NOT BE DEEMED TO ALTER OR MODIFY THE COMPANIES' POLICIES OF AT-WILL EMPLOYMENT. EMPLOYMENT AT THE COMPANIES IS AT-WILL AND CAN BE TERMINATED BY EITHER MYSELF OR THE COMPANY AT ANY TIME, WITH OR WITHOUT CAUSE OR NOTICE.

francisco aleman

**Employee Name (Print)**

*francisco aleman*
francisco aleman ( Jul 8, 2024 08:25 PDT)

**Employee Signature**

Jul 8, 2024

**Date**

**AGREED BY THE COMPANY:**

*Heather Havette*

**Heather Havette**

**Senior Vice President - Chief Human Resources Officer**

**Floor & Decor Outlets of America, Inc.**

# EXHIBIT C

Document certification is valid, signed by Adobe Sign, a Document Cloud solution <adobe-sign-certified@adobe.com>.

Signing Time: 2020/08/15 15:05:36 -05'00'

Source of Trust obtained from Adobe Approved Trust List (AATL) and Adobe Root CA.

Reason: Agreement certified by Adobe Sign

**Validity Summary**

The document has not been modified since it was certified.

The certifier has specified that no changes are allowed to be made to this document.

The signer's identity is valid.

Signing time is from the clock on the signer's computer.

Signature was validated as of the signing time:
2020/08/15 15:05:36 -05'00'

**Signer Info**

The path from the signer's certificate to an issuer's certificate was successfully built.

The signer's certificate is valid and has not been revoked.

Show Signer's Certificate...

Advanced Properties...    Validate Signature  Close



Document certification is valid, signed by Adobe Sign, a Document Cloud solution
<adobe-sign-certified@adobe.com>.

Signing Time:  2022/09/22 18:17:37 -05'00'

Source of Trust obtained from Adobe Approved Trust List (AATL) and Adobe Root CA.

Reason:  Agreement certified by Adobe Acrobat Sign

Validity Summary

The document has not been modified since it was certified.

The certifier has specified that no changes are allowed to be made to this document.

The signer's identity is valid.

Signing time is from the clock on the signer's computer.

Signature was validated as of the signing time:
2022/09/22 18:17:37 -05'00'

Signer Info

The path from the signer's certificate to an issuer's certificate was successfully built.

The signer's certificate is valid and has not been revoked.

Show Signer's Certificate...

Advanced Properties...          Validate Signature          Close

Signature Properties                                                    ×

Document certification is valid, signed by Adobe Acrobat Sign
<acrobat-sign-certified@adobe.com>.

Signing Time: 2024/06/01 15:48:40 -05'00'

Source of Trust obtained from Adobe Approved Trust List (AATL) and Adobe Root CA.

Reason: Agreement certified by Adobe Acrobat Sign

Validity Summary

The document has not been modified since it was certified.

The certifier has specified that no changes are allowed to be made to this document.

The signer's identity is valid.

Signing time is from the clock on the signer's computer.

Signature was validated as of the signing time:
2024/06/01 15:48:40 -05'00'

Signer Info

The path from the signer's certificate to an issuer's certificate was successfully built.

The signer's certificate is valid and has not been revoked.

Show Signer's Certificate...

Advanced Properties...                          Validate Signature          Close

# EXHIBIT D

Signature Properties                                                    ✕

Document certification is valid, signed by Adobe Acrobat Sign
<acrobat-sign-certified@adobe.com>.

Signing Time: 2024/05/20 10:05:44 -05'00'

Source of Trust obtained from Adobe Approved Trust List (AATL) and Adobe Root CA.

Reason: Agreement certified by Adobe Acrobat Sign

**Validity Summary**

The document has not been modified since it was certified.

The certifier has specified that no changes are allowed to be made to this document.

The signer's identity is valid.

Signing time is from the clock on the signer's computer.

Signature was validated as of the signing time:
2024/05/20 10:05:44 -05'00'

**Signer Info**

The path from the signer's certificate to an issuer's certificate was successfully built.

The signer's certificate is valid and has not been revoked.

Show Signer's Certificate...

Advanced Properties...              Validate Signature     Close

Document certification is valid, signed by Adobe Acrobat Sign
<acrobat-sign-certified@adobe.com>.

Signing Time:  2024/07/08 10:26:03 -05'00'

Source of Trust obtained from Adobe Approved Trust List (AATL) and Adobe Root CA.

Reason:  Agreement certified by Adobe Acrobat Sign

**Validity Summary**

The document has not been modified since it was certified.

The certifier has specified that no changes are allowed to be made to this document.

The signer's identity is valid.

Signing time is from the clock on the signer's computer.

Signature was validated as of the signing time:
2024/07/08 10:26:03 -05'00'

**Signer Info**

The path from the signer's certificate to an issuer's certificate was successfully built.

The signer's certificate is valid and has not been revoked.

Show Signer's Certificate...

Advanced Properties...                                    Validate Signature          Close

# EXHIBIT E

**Standard Documents**

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Uploaded Document |
|---|---|---|---|---|---|---|
| CA Arbitration Agreement | 9/6/2019 | CA Arbitration Agreement.pdf | E-sign by Adobe Sign | Rikki Saldivar (Terminated) | 8/15/2020 16:05 | CA Arbitration Agreement_uploaded |
| CA Arbitration Agreement | 9/21/2022 | CA Arbitration Agreement.pdf | E-sign by Adobe Sign | Rikki Saldivar (Terminated) | 9/22/2022 19:17 | CA Arbitration Agreement_uploaded |
| CA Arbitration Agreement | 5/30/2024 | CA Arbitration Agreement.pdf | E-sign by Adobe Sign | Rikki Saldivar (Terminated) | 6/1/2024 16:48 | CA Arbitration Agreement_uploaded |

# EXHIBIT F

**Standard Documents**

| Document | Effective Date | Document Attachment | Signature Type | Signed By | Signature Date | Uploaded Document |
|---|---|---|---|---|---|---|
| CA Arbitration Agreement | 9/21/2022 | CA Arbitration Agreement.pdf | E-sign by Adobe Sign | francisco aleman (Terminated) | 5/20/2024 11:05 | CA Arbitration Agreement_uploaded |
| CA Arbitration Agreement | 5/30/2024 | CA Arbitration Agreement.pdf | E-sign by Adobe Sign | francisco aleman (Terminated) | 7/8/2024 11:26 | CA Arbitration Agreement_uploaded |

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California  90017-5793.

On **February 11, 2026**, I served the within document(s):

**DECLARATION OF MANDI DONOVAN IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS PLAINTIFF'S CLASS ACTION CLAIMS**

| ☒ | by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below. |
|---|---|

| **MOON LAW GROUP, PC**<br>**Kane Moon, Esq**<br>**Allen Feghali, Esq.**<br>**Enzo Nabiev, Esq.**<br>**Michael Braud, Esq.**<br>725 South Figueroa Street, Suite 3100<br>Los Angeles, California 90017<br>Telephone No.: (213) 232-3128<br>Facsimile No.:  (213) 232-3125<br>Email: kmoon@moonlawgroup.com<br>Email: afeghali@moonlawgroup.com<br>Email: enabiev@moonlawgroup.com<br>Email: mbraud@moonlawgroup.com | Attorneys for Plaintiffs<br>RIKKI SALDIVAR and FRANCISCO ALEMAN, individually, and on behalf of all others similarly situated |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **February 11, 2026**, at Los Angeles, California.

_/s/ Kevin Sar_
Kevin Sar

323152207v.1