# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIKKI SALDIVAR and FRANCISCO ALEMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLOOR AND DECOR OUTLETS OF AMERICA, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-00714-ODW-MARx<br><br>**[PROPOSED] ORDER RE: DEFENDANT FLOOR AND DECOR OUTLETS OF AMERICA, INC.'S MOTION TO COMPEL ARBITRATION AND TO DISMISS PLAINTIFF'S CLASS ACTION CLAIMS** |

[PROPOSED] ORDER

323129171v.1

# [PROPOSED] ORDER

On April 20, 2026, or as soon thereafter as the matter could be heard, the motion to compel arbitration filed by Defendant Floor and Decor Outlets of America, Inc. ("F&D" or "Defendant") came on for hearing in Courtroom 5D, 5th Floor, of the First Street U.S. Courthouse located at 350 W. 1st St., Los Angeles, CA 90012, the Honorable Otis D. Wright II presiding. Defendant and plaintiffs Rikki Saldivar and Francisco Aleman (collectively "Plaintiffs") were represented by their respective counsel of record.

The Court, having considered all pleadings and documents filed in support of, in opposition to, and in reply on the motion, any oral arguments made, and any evidence properly presented, finds that Defendant and Plaintiffs entered into a valid and enforceable arbitration agreement that covers Plaintiffs' causes of action and claims in this lawsuit against Defendant, and finds that Plaintiffs are not subject to the transportation workers' exemption under 9 U.S.C. § 1.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

1. Defendant's Motion to Compel Arbitration is **GRANTED**;
2. Plaintiffs Rikki Saldivar and Francisco Aleman's claims are compelled to arbitration on an individual basis; and
3. Plaintiffs' class action claims are dismissed pursuant to the arbitration agreement between Defendant and Plaintiffs.

**IT IS SO ORDERED.**

DATED: _____

Hon. Otis D. Wright II
UNITED STATES DISTRICT COURT JUDGE

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California 90017-5793.

On **February 11, 2026**, I served the within document(s):

**[PROPOSED] ORDER RE: DEFENDANT FLOOR AND DECOR OUTLETS OF AMERICA, INC.'S MOTION TO COMPEL ARBITRATION AND TO DISMISS PLAINTIFF'S CLASS ACTION CLAIMS**

| | |
|---|---|
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below. |
| ☒ | by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below. |

| | |
|---|---|
| **MOON LAW GROUP, PC**<br>**Kane Moon, Esq**<br>**Allen Feghali, Esq.**<br>**Enzo Nabiev, Esq.**<br>**Michael Braud, Esq.**<br>725 South Figueroa Street, Suite 3100<br>Los Angeles, California 90017<br>Telephone No.: (213) 232-3128<br>Facsimile No.:  (213) 232-3125<br>Email: kmoon@moonlawgroup.com<br>Email: afeghali@moonlawgroup.com<br>Email: enabiev@moonlawgroup.com<br>Email: mbraud@moonlawgroup.com | Attorneys for Plaintiffs<br>RIKKI SALDIVAR and FRANCISCO ALEMAN, individually, and on behalf of all others similarly situated |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **February 11, 2026**, at Los Angeles, California.

/s/ *Kevin Sar*
Kevin Sar

323129171v.1