UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:26-cv-00714-ODW (MARx) | Date | March 20, 2026 |
|-----|--------------------------|------|----------------|
| Title | *Rikki Saldivar et al v. Floor and Decor Outlets of America, Inc. et al.* | | |

Present: The Honorable   Otis D. Wright, II, United States District Judge

| Daniel Torrez | Not reported | N/A |
|---------------|--------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not present | Not present |

**Proceedings (In Chambers):**      **Order Granting Defendant's Unopposed Motion to Compel Arbitration of Plaintiffs' Individual Claims and Dismiss Class Claims [Dkt. No. 12]**

On November 13, 2025, Plaintiffs Rikki Saldivar and Francisco Aleman filed a putative class action complaint against Defendant Floor and Decor Outlets of America, Inc. alleging eight causes of action for: (1) failure to pay minimum wages; (2) failure to pay overtime; (3) failure to provide meal periods; (4) failure to authorize and permit rest breaks; (5) failure to indemnify necessary business expenses; (6) failure to timely pay final wages at termination; (7) failure to provide accurate itemized wage statements; and (8) unfair business practices. (Notice Removal ("NOR) Ex. A ("Compl."), Dkt. No. 11.)   On January 8, 2026, Defendant removed this action to this Court, asserting that the Court has original jurisdiction under the Class Action Fairness Act ("CAFA").   (NOR ¶ 11, Dkt. No. 1.)

Citing valid and enforceable arbitration agreements signed by Plaintiffs, on February 11, 2026, Defendant filed a Motion to Compel Arbitration of Plaintiffs' Individual Claims and Dismiss Plaintiffs' Class Action Claims.   (Mot. Compel Arb. ("Motion" or "Mot."), Dkt. No. 12.)   On March 16, 2026, Defendant filed a Notice of Non-Opposition, correctly indicating that Plaintiffs did not oppose this motion.   (Notice Non-Opp'n, Dkt. No. 16.)   The Court finds this matter suitable for decision without oral argument and vacates the April 20, 2026 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

Plaintiffs have not opposed the Motion. Such failure is sufficient ground to grant the Motion.   *See* C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."); *see*

CV-90 (06/04)          CIVIL MINUTES - GENERAL          Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 2:26-cv-00714-ODW (MARx) | Date | March 20, 2026 |
|---|---|---|---|
| Title | *Rikki Saldivar et al v. Floor and Decor Outlets of America, Inc. et al.* | | |

*also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming the failure to oppose as consent to granting the motion).

A party seeking to compel arbitration must show that a valid arbitration agreement exists and the scope of that agreement to arbitrate encompasses the claims at issue. *Chiron Corp. v. Ortho Diagnostic Sys.*, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). If a party seeking to compel arbitration establishes these two factors, the court must compel arbitration. *United Computer Sys., Inc., v. AT & T Corp.*, 298 F.3d 756, 766 (9th Cir. 2002).

Defendant argues, and Plaintiffs does not dispute, that each individual Plaintiff executed a valid and enforceable Arbitration Agreement during their onboarding with Defendant Floor and Decor Outlets of America, Inc. (Mot. 2.) Defendant contends that the Arbitration Agreements provide in part that "[t]he Parties agree to arbitrate any employment-related dispute, cause of action, claim, or controversy . . . that arose out of or is in any way related to [Plaintiff's] employment relationship or the termination thereof [with Floor and Decor Outlets of America, Inc.]." (Decl. Mandi Donovan ISO Mot. Exs. A–D ("Saldivar & Aleman Arbitration Agreements") § 2, Dkt. No. 12-5.)

The Court finds that Defendant has sufficiently demonstrated that the arbitration agreements are valid and enforceable and that the agreements encompass all of Plaintiffs' claims, which are directly related to Plaintiffs' employment. (*See generally* Saldivar & Aleman Arbitration Agreements.)

Furthermore, Defendant cites the Arbitration Agreements and argues that the agreements "make clear that arbitration 'must and will take place on an individual basis only (as opposed to on a class, collective or non-individual representative basis). Class . . . arbitrations are not agreed to or permitted under this Agreement. You and [Floor and Decor Outlets of America, Inc.] each are waiving the right to initiate or participate in a class . . . action for all employment-related disputes.'" (Mot. at 3 (emphasis omitted); *see also* Saldivar & Aleman Arbitration Agreements § 4.)

The Court finds that the clear language of the Arbitration Agreements expressly forbids class certification in arbitration and requires that any issues relating to Plaintiffs' employment be decided by individual arbitration. (*See* Saldivar & Aleman Arbitration Agreements § 4.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | 2:26-cv-00714-ODW (MARx) | Date | March 20, 2026 |
|-----|--------------------------|------|----------------|
| Title | *Rikki Saldivar et al v. Floor and Decor Outlets of America, Inc. et al.* | | |

Accordingly, the Court **GRANTS** Defendant's Unopposed Motion to Compel Individual Arbitration and Dismiss Plaintiffs' Class Claims. (Dkt. No. 12). The Court hereby **ORDERS**:

- This matter is **ORDERED** to binding arbitration pursuant to the parties' arbitration agreement(s);

- Defendants' motion to dismiss Plaintiffs class action claims is **GRANTED**;

- This matter is **STAYED** pending resolution of Plaintiffs' individual claims by the arbitral body;

- The parties are **ORDERED** to provide written notice to the Court within **seven (7) days** of the resolution of Plaintiffs' individual claims by the arbitral body; and

- Until arbitration has concluded, the parties are **ORDERED** to file a joint status report advising the Court on the status of arbitration, no later than **May 1, 2026**, and **every ninety (90) days after that**, until this stay is lifted.

Failure to comply with any part of this order shall be grounds for dismissal of the action.

**IT IS SO ORDERED.**

_____ :   00

Initials of Preparer   DT